UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PRINCESS FAHNESTOCK, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:16-CV-1013 (CEJ) |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to remand the action to the state court from which it was removed. Defendants have filed a response in opposition and a motion to dismiss the claims of the non-Missouri plaintiffs for lack of personal jurisdiction. All issues are fully briefed.

### I. Background

On May 23, 2016, sixty-eight plaintiffs filed suit in the Twenty-Second Judicial Circuit Court of Missouri (St. Louis City) seeking damages for injuries arising from their use of the anticoagulant drug Pradaxa, which is manufactured and marketed by defendants. Plaintiffs are citizens of several states, including Missouri, Delaware, Connecticut, and Ohio. Defendants Boehringer Ingelheim Pharmaceuticals, Inc., and Boehringer Ingelheim Roxane, Inc.,[1] are citizens of Delaware, where they are incorporated, and Connecticut and Ohio, respectively, where they have their principal places of business.[2] Defendants removed the matter to this Court invoking jurisdiction based on diversity of citizenship, pursuant to 28

---

[1] Now known as West-Ward Columbus, Inc.
[2] Defendants Boehringer Ingelheim International GmbH and Boehringer Ingelheim Pharma GmbH & Co. KG are citizens of Germany. Defendant Bidachem S.P.A. is a citizen of Italy.

U.S.C. § 1332(a)(1). On the face of the complaint, there does not appear to be complete diversity of citizenship of the parties. However, defendants argue that this Court does not have personal jurisdiction with respect to the claims brought by 67 of the plaintiffs who are not Missouri citizens and, therefore, the citizenship of those plaintiffs should not considered. Defendants urge the Court to decide the personal jurisdiction issue before addressing the issue of subject matter jurisdiction. Plaintiffs move for remand, asserting that complete diversity does not exist and there is no fraudulentl joinder.

**II. Discussion**

The Court has discretion to determine whether to consider its subject matter jurisdiction or personal jurisdiction first. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999). Where, as here, the inquiry into subject matter jurisdiction is not arduous, the better course is to address that issue first. See id. at 587–88 ("[B]oth expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [subject matter jurisdiction] first.") Courts in this district addressing cases removed on the basis of similar personal jurisdiction arguments have found it appropriate to address the issue of subject matter jurisdiction first. See, e.g., Timms v. Johnson & Johnson, No. 4:16-CV-733 (JAR), 2016 WL 3667982 (E.D. Mo. July 11, 2016); Joseph v. Combe Inc., No. 4:16-CV-284 (RLW), 2016 WL 3339387 (E.D. Mo. June 13, 2016); Nickerson v. Janssen Pharm., Inc., No. 4:15-CV-1762 (RLW), 2016 WL 3030241 (E.D. Mo. May 26, 2016); Adler v. Boehringer Ingelheim Pharm., Inc., No. 4:16-CV-155 (RWS), Memorandum and Order (E.D. Mo. Mar. 28, 2016) [Doc. #18]; Clark v. Pfizer, No. 4:15-CV-456 (HEA), 2015 WL 4648019 (E.D. Mo. Aug. 5, 2015); Parker v. Pfizer, Inc., No. 4:15-CV-441 (CAS), 2015 WL 3971169 (E.D. Mo. June 30, 2015); Littlejohn v. Janssen Research & Dev.,

2

LLC, No. 4:15-CV-194 (NAB/CDP), 2015 WL 1647901 (E.D. Mo. Apr. 13, 2015). The Court agrees that it is appropriate to determine whether it has subject matter jurisdiction before addressing the issue of personal jurisdiction.

A defendant may remove a pending state court action to a federal district court that has "original jurisdiction" over the action. 28 U.S.C. § 1441(a). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir.2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Products Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

"The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1031 (8th Cir. 2012), as corrected (Nov. 28, 2012). Defendants argue that because the Court does not have personal jurisdiction over defendants on the claims brought by the non-Missouri plaintiffs, these plaintiffs are fraudulently joined. Courts in this district have repeatedly rejected this argument. See Adler, No. 4:16-CV-155 at 4; Joseph

3

v. Combe Inc., 2016 WL 3339387, at *2; Triplett v. Janssen Pharms., Inc., No. 4:14-CV-02049-AGF, at 9 (E.D. Mo. July 7, 2015) [Doc. #30] (finding defendants' personal jurisdiction argument failed to address whether non-diverse plaintiffs had colorable claims as required to show fraudulent joinder) Gracey v. Janssen Pharms., Inc., No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015) (rejecting defendants' attempt to premise a fraudulent joinder argument on the state court's alleged lack of personal jurisdiction); Littlejohn, 2015 WL 1647901, at *1; Simmons v. Skechers USA, Inc., No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015) (rejecting defendants' argument that the "theory of fraudulent joinder—an inquiry into substantive viability of claims—countenances a procedural challenge to a court's personal jurisdiction over a defendant.")

Rule 20 "allows multiple plaintiffs to join in a single action if (i) they assert claims 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (ii) 'any question of law or fact common to all plaintiffs will arise in the action.'" In re Prempro, 591 F.3d at 622 (quoting Fed. R. Civ. P. 20(a)(1)). "In construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'" Id. Rule 20 "permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding," without requiring "[a]bsolute identity of all events." Id. As the Eighth Circuit has written, "if the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977); id. at 406 ("[I]f [a plaintiff] can avoid the federal forum by the device of properly joining a nondiverse defendant or a nondiverse co-plaintiff, he is free to do so.").

As in other cases, the Court finds that plaintiffs' claims satisfy Rule 20(a)'s standard:

> First, plaintiffs' complaint raises common questions of law or fact regarding injuries alleged from use of the same product and arising from the same design, testing, development, labeling, packaging, distribution, marketing, and sales practices for that product. Also, because plaintiffs' allegations relate to defendant's design, manufacture, testing, and promotion of [Pradaxa] — occurrences common as to all plaintiffs — their claims also arise out of the same transaction or occurrence, or series thereof. That is so even if the end-of-the-line exposures occurred in different states and under the supervision of different medical professionals.

Robinson v. Pfizer Inc., No. 4:16-CV-439 (CEJ), 2016 WL 1721143, at *4 (E.D. Mo. Apr. 29, 2016).

Defendants have failed to meet their burden to establish that the plaintiffs' claims are fraudulently joined. Thus, subject-matter jurisdiction is lacking. The Court will remand this matter and "leave to the learned state court the question of personal jurisdiction." Clark, 2015 WL 4648019, at *3 (citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. #13] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2016.